UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


GEORGE JOHNSON,

              Petitioner,

v.                                   Case No. 5:17-cv-301-Oc-39PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

              Respondents.

_____

**ORDER**

**I. Background**

Petitioner, George Johnson, is proceeding pro se on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1; Petition). Petitioner challenges his 2011 state court (Marion County) conviction for armed burglary of an occupied dwelling with battery for which he is serving a life sentence. See Petition at 1. Petitioner raises six grounds for relief, which he presents as two. In ground one, Petitioner asserts the trial court erred in instructing the jury to disregard testimony about a picture. In ground two, which has five sub-parts, Petitioner asserts his trial counsel was ineffective for counsel's failure to (1) convey a plea offer, (2) investigate the case, (3) move for a judgment of acquittal, (4) object to the verdict form, which did not require

the jury to indicate whether it found Petitioner possessed a weapon during the burglary, and (5) object to a sleeping juror.

Respondents assert both procedural and merits-based defenses (Doc. 11; Resp.). Petitioner filed a reply (Doc. 16; Reply).

## II. Timeliness

Respondents concede Petitioner timely filed his Petition. <u>See</u> Resp. at 5. Accordingly, the Court accepts as undisputed that the Petition is timely.

## III. Evidentiary Hearing

Petitioner requests an evidentiary hearing. <u>See</u> Petition at 22; Reply at 3, 5, 6. Petitioner has the burden to establish an evidentiary hearing is necessary. <u>See</u> <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative claims of need). Petitioner "has not identified, much less proffered, any additional evidence" he would present in support of his grounds for relief. <u>See</u> <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003). And, upon review, the Court can "adequately assess [Petitioner's] claim[s] without further factual development." <u>Id.</u> Accordingly, Petitioner is not entitled to an evidentiary hearing. <u>See</u> <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007).

2

## IV. Governing Legal Standards

### A. Habeas Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus and "prescribes a deferential framework for evaluating issues previously decided in state court," Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020), limiting a federal court's authority to award habeas relief. See 28 U.S.C. § 2254. See also Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

When a state court has adjudicated a petitioner's claim on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of that claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). See also Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-01 (11th Cir. 2019), cert. denied, No. 19-6918, 2020 WL 1325907 (Mar. 23, 2020). To obtain habeas relief, the state court decision must unquestionably

3

conflict with Supreme Court precedent, not dicta. Harrington v. Richter, 562 U.S. 86, 102 (2011).

A federal district court must give appropriate deference to a state court decision on the merits. Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). To qualify as an adjudication on the merits, the state court need not issue an opinion explaining its rationale. Id. Where the state court's adjudication is unaccompanied by an explanation, the district court should presume the unexplained decision adopted the reasoning of the lower court:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Id. Under the federal habeas statute, a state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The AEDPA standard is intended to be difficult for a petitioner to meet. Harrington, 562 U.S. at 102. A showing of "clear error will not suffice." Virginia v. LeBlanc, 137 S. Ct. 1726, 1728 (2017). If some fair-minded jurists could agree with the state court's decision, habeas relief must be denied. Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1351 (11th Cir. 2019), cert. denied, 140 S. Ct. 394 (2019). Therefore, unless the petitioner shows "the state court's ruling . . . was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," there is no entitlement to habeas relief. Id. at 1349 (alteration in original). A district court's obligation is to "train its attention" on the legal and factual basis for the state court's ruling, not to "flyspeck the state court order or grade it." Id. (citing Wilson, 138 S. Ct. at 1191-92).

## B. Exhaustion/Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989). To properly exhaust federal habeas claims, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). See also Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default, which raises a potential bar to federal habeas review because "[f]ederal habeas courts . . . are guided by rules designed to ensure that state-

court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." Martinez v. Ryan, 566 U.S. 1, 9 (2012). Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner "can show cause for the default and actual prejudice resulting from the alleged constitutional violation." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). For a petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S. Ct. 2639).[1] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S. Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Ward, 592 F.3d at 1157 (quoting

---

[1] Murray v. Carrier, 477 U.S. 478 (1986).

Carrier, 477 U.S. at 496). "'This exception is exceedingly narrow in scope,' however, and requires proof of actual innocence, not just legal innocence." Id. (quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)).

### C. Ineffective Assistance of Counsel

To demonstrate trial counsel was ineffective, a habeas petitioner must satisfy a rigorous two-prong test by showing (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). See also Yarborough v. Gentry, 540 U.S. 1, 5 (2003). There is no "iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Thus, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)).

The performance prong is highly deferential, requiring a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." Daniel v. Comm'r, Ala. Dep't of Corr., 822 F.3d 1248, 1262 (11th Cir. 2016) (internal quotation marks omitted) (quoting Strickland, 466 U.S. at 689). Accordingly, "to show that counsel's performance was unreasonable, the petitioner must establish that no competent

counsel would have taken the action that his counsel did take." Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). (emphasis in original). The prejudice prong requires a showing that there is a reasonable probability that, but for counsel's deficiencies, the result of the proceeding would have been different. Strickland, 466 U.S. at 695.

When the "strong presumption" standard of Strickland is applied "in tandem" with the highly deferential AEDPA standard, a review of the state court's determination as to the "performance" prong is afforded double deference. Richter, 562 U.S. at 105. As such, the question for a federal court is not whether trial counsel's performance was reasonable, but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," a federal court may not disturb a state-court decision denying the claim. Id. As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

### V. Analysis

### A. Ground One

Petitioner asserts the trial court erred in instructing the jury "not to consider argument or testimony regarding [a] picture." Petition at 5. He claims the state court's adjudication of the claim was contrary to or involved an unreasonable application of

8

federal law, referencing only by label the Sixth and Fourteenth Amendments. Id. at 6.

Respondents contend ground one is unexhausted because Petitioner did not present to the state appellate court a federal claim. Resp. at 7-8. Additionally, Respondents assert, ground one involves purely a state-law issue. Id. at 16. In his reply, Petitioner asserts he exhausted ground one because his attorney filed an Anders[2] brief on direct appeal, and because he references the Sixth and Fourteenth Amendments in his Petition. Reply at 1.

To exhaust a claim, a federal habeas petitioner must have "fairly presented" a federal claim to the state courts. McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)). In other words, in the state court, a petitioner must have "plainly defined" the federal question. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1345 (11th Cir. 2004). It is not enough that a habeas petitioner briefed an issue on appeal without identifying it as a federal claim. Nelson v. Sec'y, Fla. Dep't of Corr., 610 F. Supp. 2d 1323, 1332 (M.D. Fla. 2009) ("Briefing an issue as a matter of state law … is not sufficient to exhaust a federal claim of the equivalent ground.").

---

[2] Anders v. California, 386 U.S. 738 (1967).

Upon review of his Anders brief, Ex. G, it is apparent Petitioner did not exhaust this ground for relief. In his Anders brief, Petitioner's counsel identified as a possible issue for review the trial court's instruction to the jury to ignore testimony or defense counsel's argument about the lack of a photo lineup. Ex. G at i, 5-6.[3] Petitioner's counsel did not fairly present a federal claim to the state appellate court, but rather presented the issue as one of potential trial court error under state law. Petitioner's counsel did not even cite a federal case or constitutional provision, which could possibly have alerted the appellate court to a federal claim. Id. at ii-iii. Cf. Sandstrom v. Butterworth, 738 F.2d 1200, 1206 (11th Cir. 1984) (holding the petitioner exhausted his claim because a review of the appellate court's opinion, which referenced a landmark Supreme Court decision, "ma[de] it clear that the court was aware of a federal constitutional basis for petitioner's claim").

Petitioner declined to submit a pro se brief. In fact, he notified the appellate court that he had reviewed his counsel's brief and the transcript and accepted his counsel's Anders brief. Ex. J. Thus, the appellate court was presented with only a state-law issue, as presented in Petitioner's Anders brief, which did

---

[3] Exhibits are referenced according to the State's letter designations in their Appendix (Doc. 11-1). Pinpoint citations are to the internal page numbers for each exhibit.

not identify a federal claim or reference a federal source of law. And Petitioner, by declining to file his own brief, chose not to present a federal claim to the appellate court for its review. The appellate court affirmed Petitioner's conviction in a per curiam opinion, Ex. K, and issued its mandate, Ex. M.

Because Petitioner did not fairly present a federal claim on direct appeal, ground one is unexhausted and procedurally defaulted, and Petitioner fails to show cause for the default or prejudice from the alleged constitutional violation. Thus, Petitioner is not entitled to relief on ground one.

### B. Ground Two

In his second ground for relief, which Petitioner identifies as ground two sub-claim one, Petitioner asserts his counsel was ineffective for failing to communicate a plea offer by the State. Petition at 9. Plaintiff says his counsel did not inform him of the State's plea offer until after trial. Id. Petitioner contends that, had he learned of the plea offer, he would have accepted it. Id. at 11.[4]

---

[4] Petitioner also complains the postconviction court denied his motion for appointment of counsel to assist him during the postconviction phase, which hampered his ability to effectively present evidence at the evidentiary hearing. Petition at 10; Reply at 2. Petitioner does not raise this as a separate claim. Additionally, such a claim, even if Petitioner had raised it separately, is not cognizable on federal habeas review because it involves an alleged error of state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Prisoners are not constitutionally entitled to the appointment of counsel during postconviction proceedings.

Petitioner raised this claim as ground one in his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion). Ex. N-1 at 2. After conducting an evidentiary hearing on this claim, Ex. Q, the postconviction court denied it. Ex. R at 2. Petitioner appealed the denial of his Rule 3.850 Motion to Florida's Fifth District Court of Appeal (Fifth DCA). Ex. U. The Fifth DCA affirmed the postconviction court's order per curiam, Ex. X, and issued its mandate, Ex. Y.

To the extent the Fifth DCA affirmed the postconviction court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. See Wilson, 138 S. Ct. at 1194. As such, the Court will "look through" the unexplained opinion to the postconviction court's order on Petitioner's Rule 3.850 Motion. Id.

In denying Petitioner's claim, the postconviction court noted the State conveyed a written plea offer to Petitioner on March 11, 2008, years before Petitioner's trial. Ex. R at 2. The written plea offer, the court noted, included the following language in enlarged, bold, and underlined font: "This plea offer expires on

---

Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (noting that "fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer" when a defendant chooses to collaterally attack his conviction).

May 10, 2008." Id.[5] The postconviction court found credible counsel's testimony at the evidentiary hearing that it was her practice to convey plea offers to her clients, "which is what she did in [Petitioner's] case." Id. at 2. Additionally, the court found Petitioner failed to demonstrate prejudice resulted from any alleged deficiency in counsel's performance because "there is no reasonable probability [he] would have accepted the 15-year plea offer," given his counsel testified that Petitioner told her he would not "accept of a plea offer of more than 10 years." Id.

Petitioner is unable to establish the state court's adjudication of the claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. In its order denying Petitioner's Rule 3.850 Motion, the postconviction court set forth the applicable two-prong Strickland test. Id. at 1-2. The record demonstrates the postconviction court properly applied the Strickland standard.

Moreover, this Court must defer to the state court's findings of fact, 28 U.S.C. § 2254(e)(1), including applying deference to the postconviction court's credibility determinations, Baldwin v.

---

[5] According to the state docket, the trial court appointed the office of the public defender on March 10, 2008, and Petitioner entered a plea of not guilty on March 14, 2008. See Online Court Records Search for Marion County, Florida, available at https://www.civitekflorida.com/ocrs/county/42/ (last visited June 26, 2020).

Johnson, 152 F.3d 1304, 1316 (11th Cir. 1998) (noting a federal court, on habeas review, "must accept the state court's credibility determination," applying a "presumption of correctness" (citing Coulter v. Herring, 60 F.3d 1499, 1503 (11th Cir. 1995))). See also Consalvo v. Sec'y for Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011) ("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review.").

Accordingly, this Court must accept the postconviction court's credibility determination and its finding that Petitioner's counsel conveyed the plea offer to Petitioner. Petitioner has not rebutted the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). For these reasons, Petitioner is not entitled to relief on this claim.

### C. Ground Three

In his third ground for relief, which Petitioner identifies as ground two sub-claim two, Petitioner asserts his trial counsel was ineffective for her failure to investigate his case. Petition at 11. Petitioner contends, had his counsel followed up on information he told her, she would have discovered he had been misidentified and was never at the crime scene. Id. Petitioner says his counsel's deficient performance prejudiced him because, had his counsel properly investigated, the result of the case would

have been different because he "would have entered [a] plea." Id. at 12.[6]

Petitioner raised this claim as ground two in his Rule 3.850 Motion. Ex. N-1 at 3. As he does in his Petition, Petitioner argued he told his trial counsel there was a second red car with a white bumper in town, but his counsel did not attempt to locate the second car despite the fact that witnesses connected him to the scene of the crime in part based on the description of a vehicle. Ex. N-1 at 3; Ex. N-2 at 2-3. The postconviction court denied the claim without the necessity of an evidentiary hearing. Ex. O at 3. The Fifth DCA affirmed the postconviction court's order per curiam. Ex. X. To the extent the Fifth DCA affirmed the postconviction court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. See Wilson, 138 S. Ct. at 1194. As such, the Court will "look through" the unexplained opinion to the

---

[6] Respondents maintain Petitioner only partially exhausted this claim because in his Rule 3.850 Motion, he did not argue he would have accepted the plea but rather argued the outcome of the trial would have been different. Resp. at 9. The Court finds Petitioner exhausted this claim. Because Petitioner is proceeding pro se, the Court must liberally construe his filings. In both his pro se Rule 3.850 Motion and his Petition, Petitioner asserts had his counsel adequately investigated the case, the result of the proceedings would have been different, citing the Strickland standard. See Petition at 11; Ex. N-2 at 3. Respondents assert the same partial-exhaustion defense with respect to grounds four and five (identified in the Petition as grounds two sub-claim three and two sub-claim four, respectively). For the reasons stated here, the Court finds Respondents' argument in this regard unpersuasive.

postconviction court's order on Petitioner's Rule 3.850 Motion. Id.

In denying Petitioner's claim, the postconviction court referenced the 2009 deposition of Daryl Johnson, the brother of Petitioner's co-defendant, Vernon. Ex. O at 3. At deposition, Daryl testified he purchased a red Mercury Cougar for his son, but he allowed Vernon to use the car. The postconviction court explained that Daryl's deposition testimony "directly linked" Petitioner to the Mercury Cougar:

> On February 4, 2008, the day of the Armed Burglary, Vernon asked Daryl for the keys to the Cougar and borrowed it. After the burglary, Daryl saw an article in the newspaper that named the [Petitioner] as a suspect for the crime and that the article mentioned a vehicle with a mask. After reading the article Daryl called law enforcement. The part of the article that stuck out to Daryl was the mention of the mask.[7] He bought the mask around Halloween and put it in the car as a decoration. The article also described the car as red with a white bumper, which is what the Cougar was, and that there was a missing mask. Daryl searched the car for the mask but was unable to find it.
>
> Based on the deposition testimony of Daryl Johnson that directly linked [Petitioner] to the car, it cannot be shown that he was prejudiced by Counsel failing to investigate the potential existence of another red car with a white bumper . . . .

Id.

---

[7] The victims testified at trial that Petitioner's co-perpetrator wore a mask during the burglary. Ex. B at 28, 62-63, 78.

Petitioner is unable to establish the state court's adjudication of the claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. In its order denying Petitioner's Rule 3.850 Motion, the postconviction court set forth the applicable two-prong Strickland test. Id. at 1-2. The record demonstrates the postconviction court properly applied the Strickland standard. Petitioner's conclusory and self-serving assertion that his counsel's performance prejudiced him is insufficient to overcome AEDPA's and Strickland's doubly deferential review. See Fayson v. Sec'y, Fla. Dep't of Corr., 568 F. App'x 771, 774 (11th Cir. 2014) (recognizing speculative assertions do not pass muster under a federal court's "doubly deferential review").

Nevertheless, even if the state court's adjudication of the claim is not entitled to deference, and assuming Petitioner's counsel's performance was deficient, Petitioner fails to demonstrate prejudice under the deferential Strickland standard. Assuming another red car with a white bumper was in the area on the day of the burglary, the State presented overwhelming evidence of Petitioner's guilt. First, and most damaging to Petitioner's defense, the three victims testified against him. All three not only identified Petitioner in court as one of the armed burglars (who was not wearing a mask), but they also testified that,

immediately after the burglary and before the police arrived, they identified Petitioner through a photograph they saw online. Ex. B at 35-36, 64, 81.

Additionally, a witness testified he called the police on the night of the burglary because he saw a vehicle he had never seen before in the small, tight-knit community: a red car with a white bumper. Id. at 97, 101. That witness was unable to identify the driver, id., but a different witness, who was familiar with Petitioner, testified to having seen Petitioner on the day of the burglary riding in a red car with a white bumper. Id. at 104. At trial, that witness identified Petitioner as the man she saw riding in the car on the day of the burglary. Id. at 105.

Even without testimony about a suspicious car in the area that a witness linked to Petitioner, given the victims' consistent testimony, the State would have proven its case against Petitioner. Petitioner fails to argue, much less demonstrate, why the existence of another similar car would have changed the outcome.[8] Thus, Petitioner fails to demonstrate his counsel's decision not to

---

[8] Petitioner also does not explain why he would have entered a plea had his attorney investigated the case more thoroughly. Notably, the record shows the last plea offer the State extended was before trial, and Petitioner declined the offer. Ex. Q at 9-10. According to the state docket, the plea cut off date before trial was April 15, 2011. See Online Court Records Search for Marion County, Florida, available at https://www.civitekflorida.com/ocrs/county/42/ (last visited June 26, 2020).

investigate whether a second red car with a white bumper was in the area prejudiced his defense. See Richter, 562 U.S. at 112 ("The likelihood of a different result must be substantial, not just conceivable.").

For the above reasons, Petitioner is not entitled to relief on this claim.

### D. Ground Four

In ground four, which Petitioner identifies as ground two sub-claim three, Petitioner asserts his counsel was ineffective for not moving for a judgment of acquittal at the close of the State's case. Petition at 12. Petitioner contends his attorney effectively conceded his guilt by failing to argue the State did not present a prima facie case. Id.

Petitioner raised this claim as ground three in his Rule 3.850 Motion. Ex. N-1 at 4. The postconviction court denied Petitioner's claim without the necessity of an evidentiary hearing, Ex. O at 4-7, and the Fifth DCA affirmed per curiam, Ex. X. To the extent the Fifth DCA affirmed the postconviction court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. See Wilson, 138 S. Ct. at 1194. As such, the Court will "look through" the unexplained opinion to the postconviction court's order on Petitioner's Rule 3.850 Motion. Id.

In denying Petitioner's claim, the postconviction court noted Petitioner's counsel did not concede his guilt but rather acknowledged a motion for judgment of acquittal would have failed because the State established a prima facie case. Ex. O at 5, 7.[9] After quoting the relevant jury instructions, the court explained the State presented evidence on all elements of the crime charged:

> The testimony of [the victims], when viewed in the light most favorable to the State, established a prima facie case. T'Neisha testified that she did not give the [Petitioner] permission to come into her home [relevant to the "unlawful entry" and intent elements]. Jeanette testified that two men, one with a knife and one with a rifle, entered the home. The man with the rifle was wearing a mask. Jeanette identified the man with the knife as the [Petitioner]. She further testified that the [Petitioner] grabbed her by her hair and held the knife up to her and said "Give me your money" [relevant to whether Petitioner was armed with a dangerous weapon and engaged in an assault or battery]. The [Petitioner] also tried to pull Jeanette's rings from her fingers [relevant to whether Petitioner engaged in an assault or battery]. Kayla's testimony was consistent with the other two women's testimony.
>
> The [Petitioner's] motion fails to show any likelihood that a motion for a judgment of acquittal would have been successful. This claim is without merit.

Id. at 6-7 (internal citations omitted).

---

[9] Petitioner's counsel informed the court she would not be making a motion after the jury left the courtroom. Ex. O at 5. Thus, even if her comment could have suggested to a layperson she was "conceding" her client's guilt, the jurors did not hear the comment.

Petitioner is unable to establish the state court's adjudication of the claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. In its order denying Petitioner's Rule 3.850 Motion, the postconviction court set forth the applicable two-prong Strickland test. Id. at 1-2. The record demonstrates the postconviction court properly applied the Strickland standard. See, e.g., Senelus v. Attorney Gen., Fla., 806 F. App'x 806, 809 (11th Cir. 2020) (holding Petitioner failed to demonstrate his counsel's conduct was deficient because counsel chose not to advance a meritless motion (citing Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994))). Thus, Petitioner is not entitled to relief on this claim.

### E. Ground Five

In ground five, which Petitioner identifies as ground two sub-claim four, Petitioner asserts his counsel was ineffective for her failure to object to the jury verdict insofar as the verdict form did not require the jury to explicitly indicate Petitioner possessed a weapon at the time of the burglary. Petition at 14. Petitioner says, if not for counsel's deficient performance, he would have entered a plea. Id. at 15.[10]

---

[10] In addition to asserting Petitioner only partially exhausted this claim because he did not argue in his Rule 3.850

Petitioner raised this claim in his Rule 3.850 Motion, Ex. N-1 at 5; Ex. N-2 at 5, and appealed the postconviction court's ruling, Ex. U. The Fifth DCA affirmed per curiam. Ex. X. To the extent the Fifth DCA affirmed the postconviction court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. See Wilson, 138 S. Ct. at 1194. As such, the Court will "look through" the unexplained opinion to the postconviction court's order on Petitioner's Rule 3.850 Motion. Id.

Without the necessity of an evidentiary hearing, the postconviction court found Petitioner's claim was "not supported by the record" because the jury found him guilty of "armed burglary" as opposed to "burglary." Ex. O at 7. As such, the verdict implies the jury found Petitioner "possessed or used a weapon during the commission of the burglary." Id.

Petitioner is unable to establish the state court's adjudication of the claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. In its order denying Petitioner's Rule

---

Motion that he would have entered a plea but for counsel's deficient performance, Respondents argue this ground for relief does not present a federal question because Petitioner contests the sufficiency of the verdict form. Resp. at 10, 17. Petitioner contends his counsel was ineffective under the Sixth Amendment. Thus, he raises a federal question.

3.850 Motion, the postconviction court set forth the applicable two-prong <u>Strickland</u> test. <u>Id.</u> at 1-2. The record demonstrates the postconviction court properly applied the <u>Strickland</u> standard. Accordingly, Petitioner is not entitled to relief on this claim.

### F. Ground Six

In his final ground for relief, which Petitioner identifies as ground two sub-claim five, Petitioner asserts his trial counsel was ineffective for her failure to object to a sleeping juror. Petition at 15. Petitioner says he told his attorney, during trial, that one of the jurors had been sleeping. <u>Id.</u> According to Petitioner, his counsel said she would "observe the juror" and concluded the juror had only been "resting his eyes." <u>Id.</u> at 15-16. Petitioner contends he asked his attorney to request the juror be removed, and counsel declined to do so. <u>Id.</u> at 16. But for counsel's deficient performance, Petitioner asserts, the result would have been different because he would have entered a plea. <u>Id.</u> at 17.

Petitioner raised this claim as ground six in his Rule 3.850 Motion. Ex. N-1 at 6; Ex. N-2 at 7. After conducting an evidentiary hearing at which Petitioner's counsel testified Petitioner did not inform her of the possibility of a sleeping juror, Ex. Q, the postconviction court denied Petitioner's claim, Ex. R at 4. Petitioner appealed to the Fifth DCA, Ex. U, though he did not

brief the issue and instead "adopt[ed] the argument put forth in his [Rule 3.850] motion," Ex. V at 16.

Respondents argue this ground is unexhausted and procedurally defaulted because Petitioner, in his brief on appeal, simply referenced his Rule 3.850 Motion and failed to brief the issue. Resp. at 11. In his reply, Petitioner asserts he is entitled to the benefit of the ruling in Martinez because he was not represented by counsel during his postconviction proceedings. Reply at 6.

To preserve an issue for appeal in Florida, an appellant must elucidate the issue, not "merely refer to arguments presented during the postconviction proceedings." Doorbal v. State, 983 So. 2d 464, 482 (Fla. 2008). The Eleventh Circuit presumes "that when a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default." Bennett v. Fortner, 863 F.2d 804, 807 (11th Cir. 1989). When a state court applies a firmly established procedural rule in denying a claim, a petitioner may not seek federal review. See Martinez, 556 U.S. at 9. However, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that

proceeding was ineffective." Id. at 17. A claim is substantial if it has "some merit." Id. at 14.

In its answer brief to the Fifth DCA, the State argued Petitioner abandoned this claim since he failed to brief it in contravention of the Florida Rules of Appellate Procedure. Ex. W at 6, 17. Petitioner did not file a reply brief. The Fifth DCA affirmed per curiam. Ex. X. Because the State asserted on appeal that Petitioner abandoned his claim, the Fifth DCA's per curiam affirmance is presumed to be based on the procedural default, which was firmly established in Florida. See Bennett, 863 F.2d at 807. See also Doorbal v. Dep't of Corr., 572 F.3d 1222, 1228 (11th Cir. 2009) (recognizing the Supreme Court of Florida regularly applies its well-established rule that a claim is waived on appeal if the appellant fails to argue the merits of the issue and instead references arguments asserted below (citing cases)). Accordingly, Petitioner's claim is unexhausted and procedurally defaulted.

Petitioner argues his procedural default is excusable because he was not represented by counsel during his postconviction proceedings. Reply at 6. Even though Petitioner was not represented during his Rule 3.850 proceedings, he fails to demonstrate the narrow Martinez exception applies because his ineffective-assistance-of-counsel claim lacks merit. As to Strickland's performance prong, this Court applies a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752

25

F.3d 881, 904 (11th Cir. 2014). On this record, there is no evidence showing counsel's representation fell outside the wide range of reasonably professional assistance. Petitioner's counsel testified at the evidentiary hearing that Petitioner did not inform her during trial of a sleeping juror. Ex. Q at 10, 11. Counsel said that if she had been made aware of the issue during trial, she would have approached the bench to alert the trial judge.[11] Id. And had counsel later become aware of a potentially sleeping juror, she would have "ordered a copy of the video recording, and . . . filed a motion for new trial." Id. at 10. This Court must accept the postconviction court's determination that counsel's testimony was credible and that she did not notice a sleeping juror. See Baldwin, 152 F.3d at 1316; Consalvo, 664 F.3d at 845. Petitioner has not rebutted the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

As to the prejudice prong, Petitioner's speculative assertion that the outcome of the case would have been different had his attorney objected to an alleged sleeping juror does not satisfy the Strickland standard. As discussed above, the evidence of Petitioner's guilt was overwhelming. See Tejada v. Dugger, 941 F.2d 1551, 1559-60 (11th Cir. 1991) (holding the petitioner failed

---

[11] Additionally, the trial judge noted on the record that "the Court looks at jurors during the trial too, and if the Court sees one that appears to be sleeping or drowsy, [the Court will] take a recess." Ex. Q at 14.

to demonstrate his counsel's alleged errors prejudiced his defense because his allegations were conclusory and the evidence against him was overwhelming).

Considering the above, Petitioner fails to demonstrate a substantial ineffective-assistance-of-counsel claim to benefit from the Martinez exception. Thus, his procedural default cannot be excused. Petitioner is not entitled to relief on this claim.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

2.   This action is **DISMISSED WITH PREJUDICE.**

3.   The **Clerk** shall enter judgment accordingly and close this case.

4.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[12] The **Clerk** shall terminate from the pending motions report any motion to proceed on

---

[12] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

appeal as a pauper that may be filed in this case. Such termination

shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of

July 2020.

_____
BRIAN J. DAVIS
United States District Judge


Jax-6
c:
George Johnson
Counsel of Record